UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Norman Stanwood, Administrator</u>
<u>of the Estate of Aron Stanwood</u>

   v.                                    Civil No. 05-cv-200-JD
                                            Opinion No. 2005 DNH 160
<u>Cambridge Integrated</u>
<u>Services, Inc., et al.</u>

O R D E R

Norman Stanwood, who is the administrator of the estate of his son, Aron Stanwood, brought a declaratory judgment action in state court against Cambridge Integrated Services, Inc., Safety National Casualty Corporation, and Zurich American Insurance Company, seeking to establish insurance coverage for his claim against his son's former employer, Venture Holdings Corporation. Defendant Zurich American Insurance Company removed the case to this court and moves to dismiss the action, asserting that Stanwood lacks standing and that Venture is a necessary and indispensable party.[1]  Zurich alternatively seeks leave to file an amended answer.  Stanwood objects to the motion to dismiss.

---

[1] The other two defendants have not joined in Zurich's motion.

Standard of Review

When, as here, the defendants have filed an answer, a motion to dismiss is properly considered as a motion for judgment on the pleadings. See Fed. R. Civ. Pro. 12(c). The standards of review, however, are the same. See Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir. 2005); Donovan v. City of Haverhill, 311 F.3d 74, 76 (1st Cir. 2002). When considering either motion the "court must accept all of the nonmoving party's well-pleaded factual averments as true and draw all reasonable inferences in her favor." Feliciano v. Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998); accord Doran v. Mass. Turnpike Auth., 348 F.3d 315, 318 (1st Cir. 2003). Neither motion should be granted unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegation[s]." Gorski v. N.H. Dept' of Corr., 290 F.3d 466, 473 (1st Cir. 2002); accord Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991).

Discussion

Aron Stanwood was an employee of Venture Holdings Corporation in Seabrook, New Hampshire, when he was killed in a workplace accident in October of 2002. Norman Stanwood, as the administrator of his son's estate, brought a wrongful death

action in state court against Venture in November of 2004, and Venture defaulted.  Final default was entered in Rockingham County Superior Court on December 16, 2004.

On April 27, 2005, Stanwood brought a declaratory judgment action in Rockingham County Superior Court against Venture's insurance carriers, Safety National Casualty Corporation and Zurich American Insurance Company, and Safety National's agent and administrator, Cambridge Integrated Services, Inc.  On June 20, 2005, counsel for Venture responded to the court's notice of a structuring conference in the wrongful death action by submitting a summary statement which noted that Stanwood had moved to reactivate the wrongful death action when the declaratory judgment action was completed.[2]  Venture asked that all discovery in the wrongful death action be stayed pending resolution of the declaratory judgment action.

Zurich removed the declaratory judgment case to this court on June 8, 2005, asserting subject matter jurisdiction based on

---

[2]The record from the state court declaratory judgment action, submitted with the removal notice, includes some but not all of the record of the wrongful death action.  Zurich represents that the wrongful death action remains pending without a final judgment but has not provided a copy of the record to support its assertion.  Therefore, the status of the wrongful death case is not clear based on the limited record available.

diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).[3]  On October 3, 2005, Zurich moved to dismiss on the grounds that Stanwood lacks standing to bring the action, based on a "no action" clause in its policy.  Zurich also contends that Venture is a necessary and indispensable party under Federal Rule of Civil Procedure 19.  In the alternative, Zurich asks for leave to file an amended answer if the action is allowed to proceed.  Stanwood objects to the motion.

A.   <u>Timeliness</u>

   Stanwood contends that the motion to dismiss is untimely based on the scheduling order, setting February 13, 2006, as the deadline for summary judgment motions.  Stanwood mistakenly interprets that date as a due date, which would make motions filed before that date premature.  That is not the case.  Instead, that is the last day on which such motions could be served.  Even if Stanwood's interpretation were correct, which it is not, the pending motion is a motion to dismiss, for which no deadline was set.  Therefore, Stanwood's objection on procedural grounds is without merit.

---

   [3]Although the notice of removal does not indicate that the other two defendants consented to removal, the time has passed in which to raise procedural defects in the removal process.  28 U.S.C. § 1447(c).

B.  <u>Jurisdiction</u>

Although neither party raises an issue as to the court's subject matter jurisdiction in this case, the court is obligated to inquire sua sponte as to whether subject matter jurisdiction exists.  <u>Global Naps, Inc. v. Mass. Dep't of Telecomm. & Energy</u>, 427 F.3d 34, 41 (1st Cir. 2005).  Zurich based removal on diversity of citizenship.  <u>See</u> 28 U.S.C. § 1332.  As the party seeking to invoke federal subject matter jurisdiction, Zurich bears the burden of showing that it exists.  <u>See</u>, <u>e.g.</u>, <u>Topp v. CompAir, Inc.</u>, 814 F.2d 830, 839 (1st Cir. 1987); <u>Alshrafi v. Am. Airlines, Inc.</u>, 321 F. Supp. 2d 150, 153 (D. Mass. 2004).

To satisfy the requirements of diversity jurisdiction, Zurich must show that all of the defendants are citizens of a state or states that are not the same as the state of Stanwood's citizenship.  § 1332(a).  As the administrator of his son's estate, Stanwood's citizenship for purposes of determining subject matter jurisdiction depends upon the citizenship of his son.  28 U.S.C. § 1332(c)(2).  Corporations are deemed to be citizens of the states where they are incorporated and where their principal place of business is located "except that in any direct action against the insurer of a policy or contract of liability insurance, . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a

citizen of the State of which the insured is a citizen," in addition to any other state of which the insurer is also a citizen.  § 1332(c)(1).

In the notice of removal, Zurich stated that Stanwood is a "New Hampshire domiciliary" and provided his New Hampshire address.  Zurich did not address Aron Stanwood's citizenship and the complaint did not include allegations about where Aron lived before his death, although he is alleged to have worked in Seabrook, New Hampshire.  With respect to the defendants' citizenship, Zurich stated that it is a New York corporation with its principal place of business in Illinois.  Zurich failed to provide jurisdictional information as to the other two defendants.  Stanwood alleged in the declaratory judgment petition that Cambridge Integrated Services, Inc., does business at an address in New Jersey and acts as Venture's New Hampshire agent.  Stanwood alleged that Safety National does business at an address in Missouri and is licensed to write employers' liability and workers' compensation insurance in New Hampshire.

Zurich did not provide any jurisdictional information about its insured, Venture.  Based on the allegations in the wrongful death action complaint Venture, it is a Michigan corporation, doing business in Seabrook, New Hampshire.  See Diaz-Rodriguez v. Pep Boys Corp., 410 F.3d 56, 60 (1st Cir. 2005) (providing test

6

for principal place of business).  The court notes that Venture's bankruptcy case is proceeding in the Eastern Distict of Michigan, and that "Venture-Seabrook" is listed as a separate named insured in Zurich's policy.

If New Hampshire were Venture's principal place of business, then it would be a New Hampshire citizen, making both Zurich and Safety National also New Hampshire citizens.  Aron Stanwood may have been a New Hampshire citizen, making his father, as the administrator of his estate, a New Hampshire citizen.  If that is the case, complete diversity would be lacking, and no other basis for subject matter jurisdiction in this court exists.  Zurich has not demonstrated that subject matter jurisdiction exists to support removal of this case.

C.  <u>Exercise of Discretion</u>

In addition, this court has previously addressed the question of whether to exercise its discretion to hear a state declaratory judgment action on insurance coverage that had been removed based on diversity jurisdiction.  <u>See</u> <u>Warner v. Frontier Ins. Co.</u>, 288 F. Supp. 2d 127 (D.N.H. 2003).  In that case, as here, the insured was not a party, and the plaintiff had not obtained judgment against the insured.  <u>Id.</u> at 129.  Neither Zurich nor Stanwood has cited that case.  The court concluded in

<u>Warner</u> that because New Hampshire law about whether jurisdiction existed to decide such claims was unsettled and because the insureds were not parties, making any decision of limited effect, it should decline to exercise jurisdiction to hear the case.  <u>Id.</u> at 130 & 132.

The same reasoning and result are applicable in this case. Because Venture is not a party, any resolution of the coverage issues here would not be dispositive as to its claims against its insurers.  In addition, to the extent New Hampshire courts may interpret New Hampshire law to allow a declaratory judgment action against insurers to be brought by a plaintiff injured by the insured before judgment is obtained against the insured, that determination is uniquely a matter of state law that should be decided first in a state court.[4]  Therefore, even if Zurich could show that subject matter jurisdiction exists in this case, the court declines to exercise jurisdiction to hear the declaratory judgment action.  It is appropriate, however, to remand the case to Rockingham County Superior Court rather than to dismiss the case.  <u>See</u> <u>id.</u> at 132.

---

[4]In addition, the state court should consider the application of Zurich's asserted "no action" clause in the context of state declaratory judgment law.

Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 12) is denied, and that part of the motion seeking leave to file an amended answer is also denied without prejudice to raising the same issues after remand.  The plaintiff's motion for leave to file a surreply (document no. 20) is granted and the memorandum (document no. 21) was considered.  The case is remanded to Rockingham County Superior Court.  No award of costs and fees is appropriate.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 21, 2005

cc: Michael F. Aylward, Esquire
    Ralph A. Barbagallo, Jr., Esquire
    Lee McHarg Holland, Esquire
    John P. Malloy, Esquire
    Elizabeth C. Sackett, Esquire